Filing # 30532335 E-Filed 08/05/2015 07:05:43 PM

IN THE CIRCUIT COURT OF THE 4TH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: *15CA 000284 AXYX*

STARR PANNONE, an individual,

    Plaintiff,

vs.

BLUESTEM BRANDS, INC.,
a Delaware corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Starr Pannone, an individual, sues Defendant, Bluestem Brands, Inc., a

Delaware corporation, doing business as "Gettington.com," and alleges:

## INTRODUCTION

1.    This is a lawsuit that arises from the purchase of a defective water slide from

Defendant by Plaintiff for the use of her grandchildren. After Plaintiff informed Defendant that

the water slide was unsafe for her grandchildren and that she refused to pay for same, Defendant

began a relentless and aggressive campaign to collect money from Plaintiff which included

incessant automated telephone calls multiple times during the day.

2.    As a result of the misconduct of Defendant, Plaintiff has filed the instant action

seeking relief under 47 U.S.C. §227, *et sequi,* known more commonly as the "Telephone

Consumer Protection Act" ("TCPA"), and Florida Statute §559.55, *et sequi,* known more

commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

## GENERAL ALLEGATIONS

### *ALLEGATIONS AS TO PARTIES*

3.     Plaintiff, Starr Pannone ("Ms. Pannone"), is *sui juris* and a resident of Bryceville, Nassau County, Florida.

4.     Defendant, Bluestem Brands, Inc. ("Bluestem Brands"), is a Delaware corporation doing business in the State of Florida under the brand name "Gettington.com."

5.     At all times material hereto, Bluestem Brands was subject to jurisdiction in the State of Florida through the Long Arm Jurisdiction Act by the performance of acts outside the State of Florida which were directed to persons residing in the State of Florida, including but not necessarily limited to solicitation and the sale of consumer products and attempting to collect consumer debt within the jurisdiction of the State of Florida.

### FACTUAL ALLEGATIONS

### *A. Purchase and Sale of Defective Waterslide*

6.     On or about April 10, 2012, Ms. Pannone reviewed the website of Bluestem Brands to locate a water slide product to be used by her grandchildren during the warm summer months.

7.     While perusing the website of Bluestem Brands under its tradeline, Gettington.com, Ms. Pannone noticed an advertisement for an "Bonzai Aqua Sports Waterpark" ("Water Slide") at an advertised price of Four Hundred Seventy Five and 95/100ths Dollars ($475.95) ("Sales Price").

8.     The advertisement by Bluestem Brands depicted a large, colorful water slide with deck surfaces which was suitable for the use of young children.

9.     In the belief that the Water Slide met the needs of Ms. Pannone, Ms. Pannone placed an order with Bluestem Brands to purchase same.

10.     Within several days of the purchase of the Water Slide, the Water Slide was delivered to the residence of Ms. Pannone at                Bryceville, Florida ("Pannone Residence").

11.     As the weather was not appropriate for use of the Water Slide, Ms. Pannone stored the Water Slide in the original unopened box until the weather was appropriate for setting same up for use by her grandchildren.

12.     In mid-May, 2013, Ms. Pannone set up the Water Slide at the Pannone Residence.

13.     Much to her great shock, Ms. Pannone discovered that the pool floor of the Water Slide had deteriorated to the point that paint debris was loose in a manner which created a safety hazard to young children.

14.     Ms. Pannone contacted the manufacturer of the Water Slide, Vortex International, Inc. ("Manufacturer"), to inform the Manufacturer that the Water Slide was defective and to demand a replacement product.

15.     In response to the notice of non-conformity to the Manufacturer, the Manufacturer instructed Ms. Pannone to retain the Water Slide and that the Manufacturer would provide a replacement product by way of a similar model in the following season.

16.     After several months, Ms. Pannone contacted the Manufacturer to determine the status of the replacement product for the Water Slide. At that time, Ms. Pannone was informed by the Manufacturer that the Manufacturer would not send a replacement product as "management had turned over" at the Manufacturer.

### B. *Refusal to Pay by Plaintiff*

17.     Despite the fact that Ms. Pannone did not have use of the Water Slide, Ms. Pannone nonetheless made the payments to Bluestem Brands for the Purchase Price of the Water Slide.

18.     After Ms. Pannone was informed by the Manufacturer that the Manufacturer refused to replace the Water Slide, Ms. Pannone contacted Bluestem Brands to inform Bluestem Brands that she refused to pay any additional monies to Bluestem Brands for the Purchase Price of the Water Slide as the Water Slide was defective and had not been used by Ms. Pannone or her family.

### C. *Collection Abuse by Defendant*

#### 1. *Incessant Automated Telephone Calls*

19.     Commencing in August, 2013 to the present, Bluestem Brands began a pattern of conduct reasonably calculated to coerce and harass Ms. Pannone into paying the sum of $343.01 ("Disputed Waterslide Account") for the remaining balance owed for the defective Water Slide.

20.     The collection calls to Ms. Pannone from Bluestem Brands include but are not necessarily limited to the following:

> August 8, 2013 at 6:12 p.m.
> August 9, 2013 at 7:16 a.m. and 1:16 p.m.
> August 10, 2013 at 10:19 a.m., 3:15 p.m. and 4:21 p.m.
> August 12, 2013 at 12:12 p.m. and 12:44 p.m.
> August 13, 2013 at 8:00 a.m., 12:12 p.m. and 6:04 p.m.
> August 14, 2013 at 9:18 a.m. and 3:14 p.m.
> August 15, 2013 at 10:00 a.m. and 3:40 p.m.
> August 16, 2013 at 9:09 a.m., 2:53 p.m. and 4:19 p.m.

August 17, 2013 at 11:18 a.m. and 4:16 p.m.

August 19, 2013 at 8:10 a.m., 1:39 p.m. and 6:05 p.m.

August 20, 2013 at 9:41 a.m., 3:12 p.m. and 6:23 p.m.

August 21, 2013 at 8:12 a.m. and 1:50 p.m.

August 22, 2013 at 8:08 a.m., 2:37 p.m. and 6:12 p.m.

August 23, 2013 at 10:04 a.m., 1:50 p.m., 4:22 p.m. and 6:14 p.m.

August 24, 2013 at 8:57 a.m., 2:02 p.m. and 5:40 p.m.

August 26, 2013 at 8:58 a.m., 4:18 p.m. and 6:00 p.m.

August 27, 2013 at 8:04 a.m. and 3:08 p.m.

August 28, 2013 at 9:14 a.m., 2:02 p.m. and 6:09 p.m.

August 29, 2013 at 10:04 a.m. and 2:14 p.m.

August 30, 2013 at 9:00 a.m., 1:09 p.m. and 1:16 p.m.

August 31, 2013 at 7:50 a.m. and 1:16 p.m.

September 2, 2013 at 8:49 a.m. and 3:12 p.m.

September 3, 2013 at 10:16 a.m. and 3:03 p.m.

September 4, 2013 at 2:12 p.m, 3:04 p.m. and 6:17 p.m.

September 5, 2013 at 8:00 a.m. and 1:06 p.m.

September 6, 2013 a 9:04 a.m. and 5:36 p.m.

September 7, 2013 at 10:04 a.m., 3:09 p.m. and 5:05 p.m.

September 9, 2013 at 12:14 p.m. and 1:19 p.m.

September 10, 2013 at 8:10 a.m., 4:19 p.m. and 6:03 p.m.

September 11, 2013 at 3:18 p.m., 6:09 p.m. and 6:12 p.m.

September 13, 2013 at 9:11 a.m., 1:37 p.m. and 5:50 p.m.

September 14, 2013 at 4:04 p.m. and 4:58 p.m.

September 16, 2013 at 10:15 a.m., 12:49 p.m. and 4:11 p.m.

September 17, 2013 at 8:59 a.m. and 3:19 p.m.

September 18, 2013 at 7:50 a.m. and 1:00 p.m.

September 19, 2013 at 8:00 a.m., 4:10 p.m. and 6:09 p.m.

September 20, 2013 at 1:29 p.m.

September 21, 2013 at 3:13 p.m. and 6:00 p.m.

September 23, 2013 at 10:16 a.m. and 1:12 p.m.

September 24, 2013 at 9:10 a.m., 1:29 p.m. and 6:09 p.m.

September 25, 2013 at 8:07 a.m. and 3:09 p.m.

September 26, 2013 at 12:06 p.m. and 2:14 p.m.

September 27, 2013 at 9:08 a.m., 1:10 p.m. and 4:08 p.m.

September 28, 2013 at 5:43 p.m.

September 30, 2013 at 7:54 a.m., 3:03 p.m., 5:12 p.m. and 6:21 p.m.

October 2, 2013 at 8:14 a.m., 9:40 a.m. and 6:06 p.m.

October 3, 2013 at 9:00 a.m., 1:29 p.m. and 5:09 p.m.

October 4, 2013 at 8:00 a.m. and 1:53 p.m.

October 11, 2013 at 7:58 a.m., 2:36 p.m. and 5:15 p.m.

October 12, 2013 at 10:10 a.m., 1:09 p.m. and 4:30 p.m.

October 14, 2013 at 9:14 a.m., 3:04 p.m. and 5:20 p.m.

October 15, 2013 at 8:03 a.m., 9:20 a.m. and 4:04 p.m.

October 16, 2013 at 10:12 a.m. and 5:37 p.m.

October 17, 2013 at 9:53 a.m., 10:40 a.m. and 5:57 p.m.

October 18, 2013 at 8:27 a.m., 9:51 a.m., 1:12 p.m. and 5:17 p.m.

October 19, 2013 at 8:20 a.m., 1:14 p.m. and 5:19 p.m.

October 21, 2013 at 10:10 a.m., 2:39 p.m. and 4:13 p.m.

October 22, 2013 at 9:12 a.m., 1:01 p.m. and 5:21 p.m.

October 23, 2013 at 8:00 a.m., 1:54 p.m. and 4:08 p.m.

October 24, 2013 at 11:59 a.m., 1:18 p.m., 3:19 p.m. and 5:18 p.m.

October 25, 2013 at 9:04 a.m., 10:44 a.m., 3:00 p.m. and 6:14 p.m.

October 26, 2013 at 8:06 a.m., 2:12 p.m. and 6:06 p.m.

October 28, 2013 at 9:40 a.m., 1:43 p.m. and 5:29 p.m.

October 30, 2013 at 8:19 a.m., 1:44 p.m. and 5:12 p.m.

November 1, 2013 at 8:08 a.m., 2:09 p.m. and 5:22 p.m.

November 2, 2013 at 9:08 a.m.

November 4, 2013 at 10:46 a.m., 3:03 p.m. and 5:23 p.m.

November 5, 2013 at 10:14 a.m., 1:58 p.m. and 5:39 p.m.

November 7, 2013 at 9:04 a.m., 1:12 p.m. and 6:06 p.m.

November 8, 2013 at 8:39 a.m., 1:50 p.m., 3:04 p.m. and 5:21 p.m.

November 11, 2013 at 9:18 a.m., 2:53 p.m. and 4:12 p.m.

November 12, 2013 at 8:16 a.m., 2:50 p.m., 5:58 p.m. and 6:31 p.m.

November 13, 2013 at 8:14 a.m., 3:08 p.m. and 6:00 p.m.

November 14, 2013 at 8:52 a.m., 2:50 p.m. and 5:40 p.m.

November 15, 2013 at 9:12 a.m., 2:50 p.m. and 6:06 p.m.

November 16, 2013 at 8:12 a.m., 3:50 p.m. and 6:18 p.m.

November 18, 2013 at 8:53 a.m., 3:41 p.m. and 5:47 p.m.

November 19, 2013 at 9:03 a.m., 2:26 p.m. and 5:14 p.m.

November 20, 2013 at 9:06 a.m., 11:43 a.m., 4:04 p.m. and 6:00 p.m.

November 21, 2013 at 8:03 a.m., 11:41 a.m., 3:40 p.m. and 6:06 p.m.

November 22, 2013 at 8:01 a.m., 11:41 a.m., 1:46 p.m. and 6:06 p.m.

November 23, 2013 at 8:51 a.m., 11:34 a.m., 4:40 p.m. and 5:40 p.m.

November 25, 2013 at 9:03 a.m., 1:14 p.m., 2:03 p.m. and 5:43 p.m.

November 26, 2013 at 7:53 a.m., 2:16 p.m. and 6:21 p.m.

November 27, 2013 at 8:12 a.m., 9:23 a.m., 1:14 p.m., and 5:06 p.m.

November 28, 2013 at 7:48 a.m., 4:18 p.m., 6:12 p.m.

November 29, 2013 at 6:12 p.m.

November 30, 2013 at 8:10 a.m., 3:14 p.m. and 6:17 p.m.

December 2, 2013 at 8:30 a.m. and 12:50 p.m.

December 3, 2013 at 8:41 a.m. and 3:18 p.m.

December 4, 2013 at 3:06 p.m. and 4:15 p.m.

December 5, 2013 at 8:08 a.m. and 1:53 p.m.

December 6, 2013 at 11:55 a.m., 3:15 p.m. and 4:06 p.m.

December 9, 2013 at 1:50 p.m., 2:57 p.m. and 3:57 p.m.

December 10, 2013 at 10:40 a.m. and 6:15 p.m.

December 11, 2013 at 8:38 a.m., 10:57 a.m., 12:37 p.m., 1:57 p.m., 3:21 p.m., 6:20 p.m.

December 12, 2013 before 9:00 a.m., 11:19 a.m., 3:18 p.m., 4:40 p.m.

December 13, 2013 at 8:09 a.m., 9:08 a.m., 1:37 p.m., 2:45 p.m.

December 14, 2013 at 8:14 a.m. and 10:28 a.m.

December 16, 2013 at 8:09 a.m., 12:47 p.m., 1:50 p.m., and 3:05 p.m.

December 17, 2013 at 8:16 a.m., 12:54 p.m. and 1:06 p.m.

December 18, 2013 at 8:55 a.m., 1:01 p.m., 1:57 p.m. and 3:20 p.m.

December 19, 2013 at 2:20 p.m., 4:27 p.m. and 5:31 p.m.

December 20, 2013 at 8:07 a.m., 9:23 a.m., 10:55 a.m., 11:16 a.m., 1:23 p.m. and 3:20 p.m.

December 21, 2013 at 8:09 a.m., 4:23 p.m. and 6:03 p.m.

December 23, 2013 at 10:14 a.m., 1:07 p.m. and 6:14 p.m.

December 24, 2013 at 10:03 a.m., 1:38 p.m. and 4:49 p.m.

December 26, 2013 at 9:53 a.m., 11:41 a.m. and 4:06 p.m.

December 27, 2013 at 10:12 a.m. and 4:29 p.m.

December 28, 2013 at 12:25 p.m.

December 30, 2013 at 8:16 a.m., 12:20 p.m., 1:40 p.m. and 3:08 p.m.

January 2, 2014 at 9:00 a.m., 1:46 p.m. and 2:47 p.m.

January 3, 2014 at 8:04 a.m., 10:03 a.m., and 12:19 p.m.

January 4, 2014 at 12:19 p.m.

January 6, 2014 at 11:43 a.m. and 5:22 p.m.

January 7, 2014 at 9:22 a.m. and 5:20 p.m.

January 13, 2014 at 8:05 a.m., 2:30 p.m., 3:40 p.m., 5:35 p.m. and 7:30 p.m.

January 11, 2013 at 12:35 p.m.

January 14, 2014 at 9:21 a.m., 2:47 p.m., 3:20 p.m. and 8:20 p.m.

January 16, 2014 at 5:30 p.m.

21.     From the start of the phone conversations with the agents and representatives of

Bluestem Brands, Ms. Pannone expressly instructed Bluestem Brands not to call her again and

that she refused to pay any monies to Bluestem Brands for the defective Water Slide.

22.     Notwithstanding the clear and unequivocal instruction by Ms. Pannone that Blustem Brands not call her again concerning the payment for the defective Water Slide, Bluestem Brands continued to call the cell phone of Ms. Pannone incessantly.

23.     Despite having actual knowledge of the dispute of Ms. Pannone and her refusal to pay, Defendant continued the campaign of abuse, calling Ms. Pannone despite not having her express permission to call her.

24.     Defendant intentionally harassed and abused Ms. Pannone on numerous occasions by calling several times in the same day, back-to-back days, and with such frequency as can reasonably be expected to harass.

### 2. *Policies and Practices of Defendant*

25.     By information and belief, the corporate policies and procedures of Defendant are structured to continue to call individuals such as Ms. Pannone despite such individuals revoking any consent that the Defendant had to make such telephone calls.

26.     By information and belief, the corporate policy of Defendant is structured so as to continue to call individuals such as Ms. Pannone, despite such individuals demanding that Defendant stop calling them.

### 3. *Past and Current Litigation History of Defendant*

27.     Defendant has numerous other suits pending against it alleging consumer violations as stated in this Complaint. Defendant has been sued in federal court over 130 times in the last three years for unfair debt collection practices.

28.     In the past three years, Defendant has had over 2,134 complaints reported to the

Better Business Bureau ("BBB").

29.   Defendant has violated both the TCPA and the FCCPA with respect to Plaintiff.

30.   Defendant has willfully and/or knowingly violated both the TCPA and the

FCCPA with respect to Plaintiff.

## COUNT I - ACTION FOR VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227, *ET SEQUI.*

31.   This is an action for violation of 47 U.S.C. §227, *et sequi*, known more commonly

as the "Telephone Consumer Protection Act" ("TCPA"), and the regulations promulgated

thereunder, seeking damages in excess of $15,000, exclusive of costs.

32.   Ms. Pannone realleges and reaffirms the allegations contained in Paragraphs 1

through 30 above as if set forth hereat in full.

33.   In furtherance of its collection activities, as set forth above, Bluestem Brands

made repeated unlawful automated calls to the cellular phone of Ms. Pannone.

34.   Bluestem Brands did not have the legal right to make telephone calls to Ms.

Pannone on her cellular phone regarding the alleged debt purportedly owed for the defective

Water Slide.

35.   Ms. Pannone did not give consent or withdrew consent to Bluestem Brands to

contact Ms. Pannone by cell phone or other means.

36.   Bluestem Brands used an unlawful auto dialer to call the cellular phone of Ms.

Pannone without permission to do so in violation of the TCPA.

37.   Bluestem Brands used an illegal predictive dialer to call the cellular phone of Ms.

Pannone without permission to do so in violation of the TCPA.

38.   Bluestem Brands placed non-emergency telephone calls to Ms. Pannone's

cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of Ms. Pannone in violation of 47 U.S.C. §227(b)(1)(A)(iii).

39.    There is no exception or justification for the numerous violations of the TCPA by Bluestem Brands.

40.    Each call to the cellular phone of Ms. Pannone is a separate violation and entitles Ms. Pannone to statutory damages against Bluestem Brands in the amount of at least Five Hundred Dollars ($500.00) per call pursuant to 47 U.S.C. §227(b)(3).

41.    Bluestem Brands willfully and knowingly violated the TCPA and the regulations promulgated thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred Dollars ($1,500.00) per call pursuant to 47 U.S.C. §227(b)((3).

WHEREFORE, Plaintiff, Starr Pannone, an individual, demands judgment against Defendant, Bluestem Brands, Inc., a Delaware corporation, for:

    A.    Statutory damages; and

    B.    Such other and further relief as the Court deems appropriate.

## COUNT II - ACTION FOR VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

42.    This is action for violation of Florida Statute §559.55, *et sequi*, known more commonly as the "Florida Consumer Collection Practices Act," seeking damages in excess of $15,000, exclusive of interest, costs and attorney's fees.

43.    Ms. Pannone realleges and reaffirms the allegations contained in Paragraphs 1 through 30 above as if set forth hereat in full.

44.    At all times material hereto, the Disputed Waterslide Account constituted a "debt"

or "consumer debt" as said terms are defined under Florida Statute §559.55(1).

45.     At all times material hereto, Ms. Pannone was a "debtor" or "consumer debtor" as said terms are defined under Florida Statute §559.55(2).

46.     At all times material hereto, Bluestem Brands was a "debt collector" as said term is defined under Florida Statute §559.55(6).

47.     As more particularly described above, Bluestem Brands has violated the FCCPA in that Bluestem Brands has:

(a)     willfully communicated with Ms. Pannone with such frequency as can be reasonably expected to harass Ms. Pannone and willfully engaged in conduct which reasonably can be expected to harass Ms. Pannone in contravention of Florida Statute §559.72(7); and

(b)     claimed, attempted or threatened to enforce a debt when Bluestem Brands knew that the debt was not legitimate or asserted the existence of a legal right when Bluestem Brands knew the right does not exist, in contravention of Florida Statute §559.72(9).

48.     As a direct and proximate result of the violation of the FCCPA by Bluestem Brands , Ms. Pannone has been damaged. The damages of Ms. Pannone include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

49.     As a direct and proximate result of the actions of Bluestem Brands, Bluestem Brands is liable for punitive damages in an amount to be determined by the reasonableness of the jury.

50.     Ms. Pannone has retained the undersigned law firm to represent her interest

herein and is obligated to pay said law office a reasonable fee for its services.

51.    Pursuant to Florida Statute §559.77, Ms. Pannone is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Starr Pannone an individual, demands judgment for damages against Defendant, Bluestem Brands, Inc., a Delaware corporation, for compensatory, statutory and punitive damages, together with interest, costs and attorney's fees pursuant to Florida Statute §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Starr Pannone, pursuant to Rule 1.430, Florida Rules of Civil Procedure, demands a trial by jury of all issues so triable.

LAW OFFICE OF ROBERT W. MURPHY

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email: rwmurphy@lawfirmmurphy.com
and rphvu@aol.com
Counsel for Plaintiff